## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEISURE RECREATION & ENTERTAINMENT, INC.** | * | **NUMBER:** |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE:** |
| **NAVIGATORS SPECIALTY INSURANCE COMPANY** | * | |
| | * | |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

### NOTICE OF REMOVAL AND JURY TRIAL DEMAND

**NOW INTO COURT**, comes defendant, NAVIGATORS SPECIALTY INSURANCE COMPANY ("NAVIGATORS"), which hereby files this Notice of Removal, containing a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1332(a), 28 U.S.C. § 1441, and 28 U.S.C. § 1446, thereby giving notice of removal from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana.[1]  By filing this Notice of Removal, NAVIGATORS preserves, and does not waive, its right to raise any and all rights, defenses, exceptions, objections, and demands in both state and federal court.

1.      As more fully explained below, this case is properly removed to this Honorable Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

### BACKGROUND

2.      On April 25, 2023, Plaintiff, Leisure Recreation &Entertainment, Inc., filed a

---

[1] Ex. A, *in globo*, State Court Record.

Petition for Damages (the "Petition") in the 19th Judicial District Court, Parish of East

Baton Rouge, State of Louisiana.[2]

3.      The Petition alleges Plaintiff purchased a commercial policy of insurance from

NAVIGATORS, bearing policy number GA20HCMZ079M4IC (the "Policy"), which covered

property damage, as well as business interruption and extra expense, and other coverages, for

damages sustained at Plaintiff's facilities located at 4400 Highway 22, Mandeville, Louisiana and

685 Brown Switch Road, Slidell, Louisiana (the "Properties").[3]

4.      The Petition alleged that Hurricane Ida severely damaged the Properties.[4]

5.      The Petition alleged that NAVIGATOR's payments were insufficient to fully

compensate all losses suffered to the Properties from Hurricane Ida.[5]

6.      The Petition further alleged that despite having all proper proof of loss and

documentation of damages, NAVIGATORS acted in a manner that was arbitrary, capricious, and

without probable cause.[6]

7.      The Petition further alleged that due to NAVIGATOR's alleged unreasonable

refusal to pay and/or unreasonable delay of payment, Plaintiff has suffered: Damages to the

Properties; Loss and/or damage to business personal property; Loss of business income, Loss of

economic opportunities; Mitigation, remediation, and repair costs; and Attorney's fees, other

professional fees, and litigation costs associated with the bringing of this action.[7]

8.      Lastly, the Petition alleged that NAVIGATORS is liable for statutory bad faith

penalties under La. R.S. § 22:1892 and § 22:1973.[8]

---

[2] Ex. A, Pet.
[3] Ex. A, Pet., ¶ 4.
[4] Ex. A, Pet., ¶ 5.
[5] Ex. A, Pet., ¶ 8.
[6] Ex. A, Pet. ¶¶ 16 &18
[7] Ex. A, Pet., ¶ 25.
[8] *Id.* & ¶ 22.

9.      NAVIGATORS does not admit the underlying facts as alleged by Plaintiff or as summarized above, except as relevant to its citizenship as more stated fully below. NAVIGATORS expressly denies that it has any liability to Plaintiff.

## TIMELINESS OF REMOVAL

10.     NAVIGATORS was served with a copy of the Petition through the Louisiana Secretary of State's Office on May 3, 2023.[9]

11.     NAVIGATORS received a copy of the Citation and Petition from CT Corporation on May 4, 2023.[10]

12.     This Removal is timely under 28 U.S.C. § 1446(b)(2)(B) and (c)(1) as it is being filed within thirty (30) days of receipt of the initial pleading providing notice to NAVIGATORS that the amount in controversy exceeds $75,000 and within one year of the action being filed.[11]

## BASIS OF REMOVAL—DIVERSITY JURISDICTION

13.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a), and this matter is therefore removable to this Court under 28 U.S.C. § 1441(a), because there is complete diversity of citizenship among the properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[9] Ex. A, Citation.

[10] *Id*.

[11] *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."); *see also Manuel v. Unum Life Ins. Co. of Am.*, 932 F. Supp. 784, 785 (W.D. La. 1996) ("Service upon the Secretary of State does not commence the thirty-day removal period. Instead, the thirty-day removal period beings when the named defendant actually receives a copy of the initial pleading." (citing *Skinner v. Old S. Life Ins. Co.*, 572 F. Supp. 811, 812–13 (W.D. La. 1983)).

**COMPLETE DIVERSITY OF CITIZENSHIP**

14.     Complete diversity of citizenship exists.  Leisure Recreation & Entertainment, Inc. is a juridical person.[12]  Upon information and belief, Leisure Recreation & Entertainment, Inc. is a citizen of the United States and domiciled in East Baton Rouge Parish, Louisiana.  Thus, Leisure Recreation & Entertainment, Inc. is considered a citizen of Louisiana for purposes of the Court's diversity jurisdiction.[13]

15.     NAVIGATORS is organized under the laws of the State of New York with its principal place of business in Connecticut.  NAVIGATORS is therefore a citizen of the States of New York and Connecticut for diversity purposes.  *See* 28 U.S.C. 1332(c)(1).

16.     There is complete diversity of citizenship between Plaintiff (citizen of Louisiana) and Defendant (citizens of New York and Connecticut) as required by 28 U.S.C. § 1332(a).[14]

**AMOUNT IN CONTROVERSY IN EXCESS OF $75,000.00**

17.     The notice of removal may assert the amount in controversy where, as here, a case is removed from a state that does not permit a plaintiff to demand a specific sum of money.[15]  In such a case, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount."[16]

---

[12] *See Gilchrist v. Mejia*, No. 21-466, 2021 WL 1977093, at *3 (E.D. La. May 18, 2021) ("[F]or the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile." (citing *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007))).

[13] *See* 28 U.S.C. § 1332(C)(1); *Tewarie De-Ox Systems, Inc. v. Mountain States/Rosen, LLC.,* 757 F.3d 481 (5th Cir. 2014).

[14] NAVIGATORS maintains that the only plaintiff in this matter is Leisure Recreation & Entertainment, Inc. La. CCP Art. 853 requires the caption to "state the name of the first party on each side with an appropriate indication of other parties."  The caption in the Petition provides no indication of any other parties on the plaintiffs' side other than Leisure Recreation & Entertainment, Inc..

[15] 28 U.S.C. § 1446(c)(2)(A)(ii).

[16] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

18.    Here, Plaintiff alleged in his Petition that Hurricane Ida caused significant damage the Properties.[17]

19.    Plaintiff further alleged that it has provided documented losses of $230,000 in damages."[18] Further, Plaintiff alleges HARTFORD has paid only $40,535.34 for losses sustained from Hurricane Ida.[19]  Thus, the amount in controversy remains in excess of $75,000.00.

20.    Moreover, Plaintiff alleged it is entitled to recover statutory bad faith penalties and reasonable attorneys' fees and costs from NAVIGATORS under La. R.S. § 22:1892 and La. R.S. § 22:1973.[20]

21.    Although NAVIGATORS denies it acted in bad faith, such claims for penalties and attorneys' fees are properly included in determining the jurisdictional amount.[21]  These claimed penalties and attorneys' fees further establish that the amount in controversy requirement has been met.

22.    Finally, in addition to seeking contractual damages and statutory bad faith penalties and attorneys' fees, Plaintiff alleged that NAVIGATORS is liable for various general damages, including unjust enrichment.[22]  These additional allegations further demonstrate that the amount in controversy requirement has been met.

23.    Thus, the facts in controversy in this matter show that the Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs.  Therefore, the amount-in-controversy requirement under 28 U.S.C. § 1332(a) has been met.

---

[17] Ex. A, Pet. at ¶ 5.
[18] Ex. A, Pet. at ¶ 8.
[19] Ex. A, Pet. at ¶ 8.
[20] Ex. A, Pet. at ¶ 20, 21, and 22.
[21] *See*, *e.g.*, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting that attorneys' fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law).
[22] Ex. A, Pet. at ¶ 24 and 25.

## COPY OF ALL PROCESS, PLEADINGS, AND ORDERS

24.     A certified copy of the suit record from the 19ᵗʰ Judicial District Court, Parish of East Baton Rouge, State of Louisiana, bearing Suit No. C-731375, Div "I", is attached as Exhibit A, *in globo*, which exhibit includes a copy of all process, pleadings, and orders served upon defendant as required by 28 U.S.C. § 1446(a).

## NOTICE TO ADVERSE PARTIES AND COURT

25.     NAVIGATORS will be providing written notice of the removal of this action to counsel for Plaintiff, and to the Clerk of Court for the 19ᵗʰ Judicial District Court for the Parish of East Baton Rouge as required by 28 U.S.C. § 1446(d).

## JURY DEMAND

26.     NAVIGATORS hereby demands a trial by jury.

Respectfully Submitted:

*/s/ Thomas Louis Colletta, Jr.*

**Seth A. Schmeeckle, La. Bar No. 27076**
**Thomas Louis Colletta, Jr., La. Bar No. 26841 (T.A.)**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email:  sschmeeckle@lawla.com
        lcolletta@lawla.com
**Attorneys for Defendant,**
**NAVIGATORS SPECIALTY INSURANCE**
**COMPANY**

6

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record, by depositing same in the United States mail, properly addressed, first class postage prepaid and/or by electronic mail, this 1st day of June, 2023.

*/s/ Thomas Louis Colletta, Jr.*
**THOMAS LOUIS COLLETTA, JR.**
